JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9015-GW-SKx | Date | May 20, 2020 |
|---|---|---|---|
| Title | *Gerardo Tellez v. Harvest Landscape Enters., Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 1, 2020, the parties herein filed a Notice of Settlement. *See* Docket No. 14. On April 3, 2020, this Court issued an Order to Show Cause re Settlement Hearing for May 21, 2020. *See* Docket No. 15.

The Court issued an order in this case on May 11, 2020, addressing several perceived shortcomings in Plaintiff's pleading of subject matter jurisdiction. *See* Docket No. 18. On May 18, 2020, Plaintiff responded. *See* Docket No. 19. That response is insufficient insofar as it attempts to address jurisdictional issues.

Plaintiff still offers no explanation or attempted calculation for how he believes this case presents the jurisdictional minimum amount-in-controversy the Class Action Fairness Act ("CAFA") requires. While he now states that he is informed that the putative class size exceeds 900 employees (rather than the "dozens" to over 100 that he originally alleged), he makes no averments as to how many of those employees would actually fall within the class definition and much each class member could recover in this action. As to establishing the minimal diversity that is also a requirement of CAFA jurisdiction, Plaintiff's response is still deficient in that regard as well. He asserts that Defendant "is a corporation and operates in Southern California." Docket No. 19, at 2:23-24. This is not an allegation of Defendant's "principal place of business," which is the touchstone for one measure of a corporation's dual citizenship. Moreover, Plaintiff has again failed to allege that either he or any member of the class he seeks to represent has a citizenship that is different from Defendant's.

However, even if the Court was satisfied with Plaintiff's showing on the amount-in-controversy and minimal diversity such that it was prepared to conclude that CAFA jurisdiction existed here,

|  |  :  |
|---|---|
| Initials of Preparer | JG |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9015-GW-SKx | Date | May 20, 2020 |
|---|---|---|---|
| Title | *Gerardo Tellez v. Harvest Landscape Enters., Inc.* | | |

Plaintiff's response offers no comment whatsoever on the Court's concern that one of the exceptions to CAFA jurisdiction would apply here. Again, the defendant here appears to be a Southern California landscaping company, so the predicates for application of those exceptions seem obvious (and Plaintiff's non-response has done nothing to disabuse the Court of that concern). *See* 28 U.S.C. § 1332(d)(4)(A), (B); *see also Adams v. W. Marine Prods., Inc.*, __ F.3d __, 2020 WL 2464930, at *3 (9th Cir. May 13, 2020) ("Under the local controversy exception [present in Section 1332(d)(4)(A)], a district court 'shall' decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state."); *id.* ("Under the [mandatory 'home state exception' present in Section 1332(d)(4)(B)], the district court 'shall' decline to exercise jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'"); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F.Supp.2d 1103 (D. Or. 2012).

   Plaintiff's response also refers to this case as being removed from State court and as containing a Fair Labor Standards Act ("FLSA") claim. Neither of these assertions are correct. This case was originally-filed in this Court, not removed from State court. Also, all of the claims in the Complaint are based upon State law.

   Plaintiff appears instead to be referring to another action that was removed from State court on March 3, 2020, case number 8:20-cv-00438-GW (SKx). That case *does* include two claims asserted pursuant to the FLSA, and therefore does not present the same subject matter jurisdiction problems as this case does. While Plaintiff now asks the Court to consolidate this action with that case (or to be granted permission to file a motion to consolidate) (*see* Docket No. 19), the Court cannot consolidate two actions where it has jurisdiction over only one of them. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Lemon*, No. CV 11-03948 DDP (FFMx), 2011 WL 3204344, *3 (C.D. Cal. July 26, 2011).

   The Court dismisses this case for lack of subject matter jurisdiction.

   It is so ordered.

                                         : 

Initials of Preparer JG